UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **LEROY ANDREW WASHINGTON,** } | |
| } | |
| **Plaintiff,** } | |
| } | |
| v.  } | Case No.:  2:12-cv-3808-MHH |
| } | |
| **AT&T INCORPORATED,** } | |
| } | |
| **Defendant.** } | |

## MEMORANDUM OPINION

This is an employment discrimination action brought pursuant to Title VII, the Age Discrimination in Employment Act ("ADEA"), 42 U.S.C. § 1981, and 18 U.S.C. § 371 (conspiracy to defraud the United States). Consistent with the Court's discussion on the record during the hearing in this matter on September 18, 2014, the Court grants AT&T's motion to dismiss.

Mr. Washington's federal claims relating to employment actions that occurred before and during 2005 are time-barred. Mr. Washington's federal employment claims also fail because Mr. Washington previously has litigated those claims unsuccessfully in this Court and in the Eleventh Circuit Court of Appeals. *See Washington v. Bellsouth Telecomm., Inc.*, 2:06-CV-1320 (Docs. 64– 65); *Washington v. BellSouth*, No. 07-15815 (11th Cir. July 8, 2008); *Washington v. Bellsouth Corp.*, 2:10-CV-3306 (Doc. 2). Consequently, the doctrine of res

1

judicata bars Mr. Washington's federal employment claims.[1] The Court dismisses those claims for failure to state a cause of action upon which relief may be granted. Fed. R. Civ. P. 12(b)(6).

To the extent that Mr. Washington attempts to assert state law claims pertaining to alleged attorney misconduct, the Court declines to exercise supplemental jurisdiction over those claims. 28 U.S.C. § 1367(c).

For the foregoing reasons, the Court **GRANTS** AT&T's motion to dismiss (Doc. 9). The Court directs the Clerk to please **TERM** Doc. 9.

**DONE** and **ORDERED** this September 19, 2014.

_____
**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE

---

[1] Mr. Washington argues that the attorneys involved in his previous lawsuits committed fraud on the Court. Courts have expressed hostility to the "proposition that fraud on the court is an authority to allow a collateral attack on a judgment—*i.e.,* defeating the defense of res judicata." *Plotner v. AT & T Corp.,* 224 F.3d 1161, 1170 (10th Cir. 2000). "Once jurisdiction is established, fraud on the court will not vitiate the preclusive effect of the court's judgment unless the rendering court sets it aside." *Caliendo v. Rodriguez,* 70 F.3d 1274 (Table), 1995 WL 709251, *3 (7th Cir. Nov. 30, 1995); s*ee also Johnson v. Champions*, 909 F. Supp. 2d 1226, 1241 (S.D. Ala. 2014). If Mr. Washington wishes to challenge the judgment in Case 2:06-CV-1320 based on his allegation of fraud on the Court, he must raise the challenge in that action pursuant to the Federal Rules of Civil Procedure. He may not pursue his arguments in a new lawsuit such as this.